O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELSA R. MITCHELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. ED CV 14-0653 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

　　Elsa R. Mitchell ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Two issues are presented for decision here:

　　1.　Whether the Administrative Law Judge ("ALJ") properly evaluated Plaintiff's credibility, (*see* Joint Stip. at 5-10); and

　　2.　Whether the ALJ properly developed and considered the vocational issues at step five of the evaluation process, (*see id.* at 11-17).

　　The Court addresses, and rejects, Plaintiff's contentions below.

　　A.　<u>The ALJ Properly Assessed Plaintiff's Credibility</u>

　　Plaintiff first contends that the ALJ improperly assessed her credibility. (*See*

Joint Stip. at 5-8.)

As a rule, an ALJ can reject a claimant's subjective complaints by "expressing clear and convincing reasons for doing so." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines a claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citations omitted).

Here, the ALJ provided at least five valid reasons for rejecting Plaintiff's credibility.

First, the ALJ found that a significant amount of the objective medical evidence preceded the time period in which Plaintiff was eligible for benefits.[1] (*See* Administrative Record ("AR") at 17); *see also Flaten v. Sec'y of Health & Human Services*, 44 F.3d 1453, 1464 (9th Cir. 1995) (ALJ did not err in rejecting claimant's continuing disability claim due, in part, to lack of medical care during relevant period). Indeed, during Plaintiff's administrative hearing, her attorney admitted (1) that Plaintiff's case was not supported by strong documentation, and (2) that most of the medical records were years older than the alleged disability onset. (*Id.* at 59); *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (lack of objective evidence supporting Plaintiff's symptoms may be one of several factors used in evaluating Plaintiff's credibility).

Second, the ALJ properly relied on the lack of *any* medical opinions concluding that Plaintiff is disabled. (AR at 19); *see Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (ALJ did not err in discounting claimant's assertions where no treating or examining doctor stated or implied that claimant's impairments were disabling, and where medical reports disclosed no findings indicative of disability);

---

[1] The relevant eligibility period was March 30, 2011, through the date of the ALJ's decision on December 28, 2012. (AR at 11, 17, 21.)

2

*Rollins*, 261 F.3d at 856-57.

Third, the ALJ properly relied on the inconsistency between, on the one hand, Plaintiff's testimony that taking Percocet decreased her concentration and focus, and, on the other hand, medical evidence that Plaintiff regularly took that medication and repeatedly denied any side effects. (AR at 17-18, 37-38, 46, 265-70, 275-94, 343); *see Morillas v. Astrue*, 371 F. App'x 880, 883 (9th Cir. 2010) (ALJ reasonably discounted testimony about medications' side effects where "[n]othing in the medical records reflected any complaint [of side effects] to [complainant's] health providers" and "there was no evidence of any assessed functional limitation from her medications").

Fourth, the ALJ properly relied on the conflict between Plaintiff's testimony of disabling stiffness and pain in her hands and both (1) an October 3, 2011 nerve conduction study showing no evidence of neuropathy or peripheral nerve entrapment in Plaintiff's upper extremities, and (2) recent treatment notes documenting complaints of only episodic numbness in the hands. (AR at 16, 18, 33, 37-38, 318, 326, 343); *Rollins*, 261 F.3d at 856-57.

Fifth, the ALJ properly relied on a lack of medical evidence of further treatment in rejecting Plaintiff's subjective complaints of disabling knee pain.[2] (AR at 18, 346-47); *see Johnson v. Shalala*, 60 F.3d 1428, 1433-34 (9th Cir. 1995); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (ALJ permissibly considered discrepancies between claimant's allegations of "persistent and increasingly severe pain" and the nature and extent of treatment obtained).

---

[2] Specifically, the ALJ observed that while Plaintiff reported a decreased range of motion after her arthroscopic knee surgery – for which she was prescribed physical therapy – medical records neither confirmed the condition's treatment nor gaged its progress. (AR at 18, 346-47.) Additionally, the ALJ found that the surgery's recency rendered Plaintiff ineligible for benefits for any impairment allegedly stemming from the surgery. (AR at 18.)

Thus, the ALJ properly discounted Plaintiff's credibility.

B.  The ALJ Properly Considered the Step Five Vocational Issues

Plaintiff next contends that the ALJ erroneously determined at step five of his evaluation that Plaintiff could work as a ticket taker, toll collector, or electronic worker.  (Joint Stip. at 11-16.)  In support, Plaintiff relies on a perceived inconsistency between the Dictionary of Occupational Titles ("DOT")'s classification of these jobs as light work, and the Vocational Expert ("VE")'s testimony that these jobs are performed at a sedentary level.  (*Id.*); *see also* Medical Vocational Guidelines (the "Grids") (categorizing occupations into different "rules" based on their requirements).

As a matter of law, neither the DOT nor the testimony of a VE "automatically 'trumps' when there is a conflict" between the two.  *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007).  Moreover, "when a claimant's exertional limitation falls between two [G]rid[s] rules, the ALJ fulfills his obligation to determine the claimant's occupational base by consulting a [VE] regarding whether a person with claimant's profile could perform substantial gainful work in the economy."  *Thomas v. Barnhart*, 278 F.3d 948, 960 (9th Cir. 2002).

Here, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a range of light work.  (AR at 16.)  The ALJ consulted with a VE, and the VE testified that (1) the three jobs described above were within Plaintiff's RFC, (2) those occupations are defined by the DOT as light work, and (3) the VE's testimony was consistent with the DOT.  (*Id.* at 21, 51-52.)  Contrary to Plaintiff's assertion, the VE's additional testimony that he believes the jobs are actually performed at a lower, sedentary level (*see id.* at 54-55), actually supports the ALJ's determination that performance of those jobs is within Plaintiff's RFC.  *See* 20 C.F.R. §§ 404.1567(b), 416.967(b) (a person who can do light work can also do sedentary work); 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.00(a) (light work "includes the functional capacity to perform sedentary as well as light work");

*Griffin v. Colvin*, 2014 WL 1303102, at *8 (D. Or. Mar. 30, 2014) (even though DOT listed position as exertionally light and VE testified position was actually performed at sedentary level, VE accounted for the discrepancy by explaining that regardless, the job was consistent with claimant's RFC).

Thus, the ALJ properly considered the step five vocational issues.[3]

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated: March 16, 2015

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*

---

[3]  Notably, to the extent Plaintiff also separately contends that the VE's characterization of Plaintiff's past work was inconsistent with the DOT description (*see* Joint Stip. at 15), any such error would be harmless, because the ALJ ultimately determined in Plaintiff's favor that she was unable to perform such work. (AR at 19-20); *see Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012).